**EXHIBIT A**



## IRONSHORE SPECIALTY INSURANCE COMPANY

Mailing Address:
175 Berkeley Street
Boston, MA 02116
Toll Free: (877) IRON411

Policy Number : DO7NABW885003
Expiring Policy : DO7NABW885002
Issued by          Ironshore Specialty Insurance Company

## INSURANCE COMPANY PROFESSIONAL LIABILITY DECLARATIONS

**ITEM 1:**      **Named Insured and Mailing Address:**
Liberty Mutual Holding Company Inc.
HO Corporate Risk Management
175 Berkeley Street
Boston, MA 02116-5066

_____

**ITEM 2:**      Policy Period effective from January 01, 2022 to January 01, 2023
(at 12:01 standard time at the address of the Named Insured stated herein)

_____

**ITEM 3:**      Limit of Liability (inclusive of defense costs and expenses):
$ 10,000,000 Per Claim
$ 10,000,000 Policy Aggregate

_____

**ITEM 4:**      Deductible (inclusive of defense costs and expenses):
$10,000,000 Per Claim

_____

**ITEM 5:**      Premium:
REDACTED

_____

**ITEM 6:**      Retroactive Date: July 1, 1998

_____

**ITEM 7:**      Endorsements attached at effective date: See Schedule of Forms and Endorsements

_____

DATE:     June 9, 2022                                  President

IRONSHORE  000001



## IRONSHORE SPECIALTY INSURANCE COMPANY

Mailing Address:
175 Berkeley Street
Boston, MA 02116
Toll Free: (877) IRON411

Policy Number: DO7NABW885003
Issued by:       Ironshore Specialty Insurance Company

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## INSURANCE COMPANY PROFESSIONAL LIABILITY POLICY

**THIS POLICY PROVIDES CLAIMS MADE AND REPORTED COVERAGE. THE COVERAGE IS PROVIDED ON A DEFENSE WITHIN THE LIMITS BASIS. COSTS INCURRED BY THE COMPANY IN DEFENDING CLAIMS WILL REDUCE THE LIMITS OF LIABILITY. PLEASE READ THIS POLICY CAREFULLY.**

**All words that are in bold face type have special meanings set forth in Section III, DEFINITIONS, of the Policy.**

In consideration of and subject to the payment of the premium, the agreement of the Named Insured to pay the Deductible amount stated in the Declarations and described herein, and in reliance upon the particulars, statements, representations, attachments and exhibits contained in and submitted with the Application, if any, which will be the basis of this Policy and deemed to be incorporated herein, and subject to all the terms, conditions, limitations and any endorsements to this Policy, the Company and Named Insured agree as follows:

**I.      INSURING AGREEMENTS**

**(A)**     The Company will pay on behalf of the **Insured** all sums that the **Insured** becomes legally obligated to pay as **Damages** and **Claims Expenses** resulting from **Claims** first made against the **Insured** during the **Policy Period**, or **Extended Reporting Period**, if applicable, as a result of a **Wrongful Act** by the **Insured** or any **Entity** for whom the **Insured** is legally liable, provided that:

**(1)**   such **Wrongful Act** was committed on or after the **Retroactive Date** and before the end of the **Policy Period**; and

**(2)**   prior to the **Knowledge Date** stated in the Declarations of this Policy, the **Insured** did not know or could not have reasonably expected that such **Wrongful Act** might give rise to a **Claim**.

As a condition precedent to coverage, the **Insured** must report all **Claims** in writing to the Company as soon as practicable, but in no event later than sixty (60) days after expiration or termination of this Policy, or during the **Extended Reporting Period**, if applicable.

**(B)**     The **Insured** shall not **admit** or assume liability for any **Wrongful Act**, or settle any **Claim**, or incur any expenses, including **Claims Expenses**, without the written consent of the Company. However, the **Insured** shall take all reasonable action within its ability to prevent or mitigate any **Claim** which would be covered under this Policy. The Company has the right to make such investigation and conduct negotiations and, with the written consent of the **Insured**, effect settlement of any **Claim** as the Company deems reasonable.

ICPL.MANU.001 (0320)                                                                                            Page **3** of **30**

IRONSHORE  000003

If the **Insured** refuses to consent to a settlement recommended by the Company and elects to contest or continue to contest the **Claim**, the Company's liability will not exceed the amount for which the Company would have been liable for **Damages** and **Claims Expenses** if the **Claim** had been so settled when and as so recommended, and the Company will have the right to withdraw from the further defense of the **Claim** by tendering control of the defense thereof to the **Insured**. The operation of this paragraph is subject to the Limits of Liability and Deductible provisions of this Policy.

The Company is not required to pay any **Damages** and/or **Claims Expenses**, or to undertake or continue the defense of any **Claim** after the applicable limit of the Company's liability has been exhausted by payment of **Damages** and/or **Claims Expenses** or after deposit of the applicable limit of the Company's liability with or subject to control of a court of competent jurisdiction.

## II.   TERRITORY AND DEFENSE

**(A)**   The coverage afforded by this Policy applies worldwide.

**(B)**   The Company has the sole right to appoint defense counsel and the right and duty to defend any **Claim** made against the **Insured**.

## III.   DEFINITIONS

**(A)**   **"Claim"** means receipt of a civil action, suit, proceeding or demand naming the **Insured** seeking **Damages** arising out of a **Wrongful Act** by the **Insured** or any **Entity** for whom the **Insured** is legally liable. A **Claim** will be deemed first made on the earliest date any **Insured** receives the civil action, suit, proceeding or demand.

**(B)**   **"Claims Expenses"** means:

**(1)**   Reasonable and necessary fees charged by an attorney(s) designated by the Company, or designated by the **Insured** with the Company's written consent, to defend a **Claim** and;

**(2)**   All other fees, costs and charges, resulting from the investigation, adjustment, defense, and appeal of a **Claim**, if incurred by the Company, or by the **Insured** with the Company's written consent, including premiums on appeal bonds, provided that the Company shall not be obligated to apply for or furnish such appeal bonds.

The determination by the Company as to the reasonableness of **Claims Expenses** shall be conclusive on the **Insured**. **Claims Expenses** do not include salary charges, wages or expenses of partners, principals, officers, directors, members or employees of either the Company or **Insured**, except attorneys and legal assistants employed by the Company who are participating in the investigation, settlement or defense of a **Claim**.

**(C)**   **"Damages"** means a compensatory monetary amount for which the **Insured** may be held legally liable, including judgments (inclusive of any pre- or post-judgment interest), awards, or settlements negotiated with the approval of the Company. **Damages** do not include any return, withdrawal or reduction of professional fees, profits or other charges, or fines, sanctions, taxes, penalties or awards deemed uninsurable pursuant to any applicable law. **Damages** include punitive or exemplary damages or the multiple portion of any multiplied damage award unless such damages are uninsurable pursuant to applicable law.

**(D)**   **"Disciplinary Proceeding"** means any proceeding by a regulatory or disciplinary official, board or agency to investigate charges of professional misconduct in the performance of **Professional Services**.

**(E)**   **"Entity"** means any individual, sole proprietor, partnership, or corporation or other form of

IRONSHORE  000004

association recognized as such by law.

(F)    **"Extended Reporting Period"** means the applicable period of time after the end of the Policy Period for reporting Claims arising out of Wrongful Acts committed or alleged to have been committed prior to the end of the Policy Period and on or subsequent to the Retroactive Date, and otherwise covered by this Policy.

(G)    **"Fungi"** means any type or form of fungus, bacterial matter, mold, mildew, mycotoxins, spores, or scents or by-products produced or released by Fungi.

(H)    **"Insured"** means only the following:

(1)    The Named Insured designated in Item 1. of the Declarations, or by endorsement to this Policy;

(2)    Any person who is, was, or hereafter becomes a partner, principal, officer, director, member, or employee of the Named Insured or a Subsidiary, but only while acting on behalf of the Named Insured or Subsidiary, and only to the extent the Named Insured agrees to provide professional liability insurance for that person;

(3)    The estate, heirs, executors, administrators, and legal representatives of an Insured in the event of such Insured's death, disability, incapacity, insolvency, or bankruptcy, but only to the extent such Insured would have otherwise been provided coverage under this Policy; and

(4)    Any **Subsidiary**.

(I)    **"Interrelated Wrongful Acts"** means Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes.

(J)    **"Knowledge Date"** means the effective date of the first Miscellaneous Professional Liability Insurance Policy issued by the Company to the Named Insured and continuously renewed and maintained in effect to the inception of this Policy Period.

(K)    **"Mediation"** means a non-binding process in which a neutral panel or individual assists the parties in reaching their own settlement. To be considered Mediation under this Policy, the process must be of a kind set forth in the Commercial Mediation Rules of the American Arbitration Association. The Company, however, at its sole option, may recognize any Mediation process or forum presented for approval.

(L)    **"Microbe"** means any non-fungal microorganism or non-fungal colony form organism that causes infection or disease.

(M)    **"Policy Period"** means the period specified in Item 2. of the Declarations, or any shorter period that may occur as a result of a cancellation of this Policy, and specifically excludes any **Extended Reporting Period** hereunder.

(N)    **"Pollutants"** means any substance exhibiting hazardous characteristics as is or may be identified on any list of hazardous substances issued by the United States Environmental Protection Agency, or any state, local, or foreign counterpart. This definition shall include, without limitation, any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, odors, noise, lead, oil or oil products, radiation, asbestos or asbestos – containing products, waste (including material to be recycled, reconditioned or reclaimed), and any electric, magnetic or electromagnetic field of any frequency, as well as any air emission, waste water, infectious medical waste, nuclear materials, nuclear waste, or any mold, mildew, or fungus.

(O)    **"Professional Services"** means:

(1)    Advising, inspecting, reporting or making recommendations pursuant to a contract to provide services for a monetary fee;

IRONSHORE  000005

**EXHIBIT A**



## IRONSHORE SPECIALTY INSURANCE COMPANY

Mailing Address:
175 Berkeley Street
Boston, MA 02116
Toll Free: (877) IRON411

**ENDORSEMENT # 3**

**Policy Number:** DO7NABW885003          **Effective Date of Endorsement:** January 1, 2022
**Insured Name:**  Liberty Mutual Holding Company Inc.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NAMED INSURED EXTENSION SCHEDULE

This schedule applies to the following coverage parts:

Insurance Company Professional Liability

It is agreed that, in addition to the person or organization named in Item 1 of the Declarations, the following also qualify as a Named Insured under this policy:

AMBCO Capital Corporation
America First Insurance Company
America First Lloyd's Insurance Company
America Economy Insurance Company
American Automobile Insurance Company
American Fire and Casualty Company
American States Insurance Company
American States Insurance Company of Texas
American States Lloyds Insurance Company
American States Preferred Insurance Company
Avomark Insurance Agency, LLC
Barrier Ridge LLC
Berkeley Holding Company Associates, Inc.
Berkeley Management Corporation
Berkeley/Columbus II LLC
Berkeley/Columbus III LLC
Berkeley/Columbus Real Estate LLC
Berkeley/St. James II LLC
Berkeley/St. James Real Estate LLC
Brooke Drilling LLC
Capitol Court Corporation
Cascade Disability Management, Inc.
Colorado Casualty Insurance Company
Commercial Aviation Insurance, Inc.
Companies Agency of New York, Inc.
Consolidated Insurance Company

ICPL.MANU.001 (0320)                                                    Page **15** of **30**

IRONSHORE  000015

Liberty Mutual Fire Insurance Company
Liberty Mutual Foundation, Inc.
Liberty Mutual Group Asset Managements, Inc.
Liberty Mutual Group Inc.
Liberty Mutual Holding Company Inc. – Please delete
Liberty Mutual Insurance Company
Liberty Mutual Insurance Company – PAC
Liberty Mutual Investment Advisors LLC
Liberty Mutual Investment Holdings LLC (f/k/a LMIA Coinvestment LLC)
Liberty Mutual Managed Care LLC
Liberty Mutual Management (Bermuda) Ltd.
Liberty Mutual Management (South Carolina) LLC
Liberty Mutual Management (Vermont) LLC
Liberty Mutual Mid-Atlantic Insurance Company (formerly Merchant's and Business Men's Insurance Company)
Liberty Mutual Personal Insurance Company
Liberty Mutual Scholarship Foundation
Liberty Mutual Tactical Opportunities LLC
Liberty Northwest Insurance Corporation
Liberty Parkwood Crossing LLC
Liberty Personal Insurance Company
Liberty Real Estate Holdings LLC
Liberty Spain Insurance Group LLC
Liberty Sponsored Insurance (Vermont), Inc. (f/k/a Wausau Bermuda (SAC), Ltd.)
Liberty Structured Holdings LLC
Liberty Surplus Insurance Corporation
Liberty/Hoffman Estates LLC
Liberty/Kent LLC
Liberty/Milwaukee LLC
Liberty Sanibel II Limited Partnership
Liberty/Warrenville LLC
Liberty USA Corporation
LIH-RE of America Corporation
LIU Specialty Insurance Agency Inc.
LMG Film Productions, LLC
LM General Insurance Company (fka: Prudential General Insurance Company)
LM Insurance Corporation
LM Property and Casualty Insurance Company (Prudential Property Casualty Insurance Company)
LMHC Massachusetts Holdings Inc.
LRE Properties, Inc.
Merchants Holding Corporation
Mid-American Fire & Casualty Company
Missouri Agency, Inc.
Montgomery Mutual Insurance Company
National Insurance Association
North Pacific Insurance Company
Ocasco Budget, Inc.
OCI Printing, Inc.
Ohio Casualty Corporation
Ohio Security Insurance Company
Open Seas Solutions, Inc.
Oregon Automobile Insurance Company
Peerless Indemnity Insurance Company

IRONSHORE  000017